UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DERNARD BOZELL, JR.,

       Petitioner,

CASE NO. 1:17-CV-301

v.

HON. ROBERT J. JONKER

CARMEN PALMER,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 15) and Petitioner's Objection to it (ECF No. 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's Objections. After its review, the Court finds

that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct and accordingly adopts its conclusion that Petitioner is not entitled to habeas corpus relief.

Petitioner's Objections are lengthy, but they contain little by way of raising specific objections to the Magistrate's analysis. Petitioner merely repeats his underlying argument that he should have been permitted to withdraw his plea of *nolo contendere* because his counsel promised him he would receive a maximum sentence of thirty years, and rendered ineffective assistance in doing so. Petitioner's objections are not persuasive.

Petitioner first argues that the state court failed to correctly apply Michigan law in evaluating his motion to withdraw his plea. The Magistrate found that this argument was not cognizable on habeas review. This was the correct decision. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner's objections relating to alleged constitutional errors fare no better. Here, Petitioner's arguments are twofold, albeit related: (1) he should have been able to withdraw his plea because he was promised by his counsel, incorrectly, he would only receive a sentence of thirty years; and (2) his trial attorney committed ineffective assistance in making that promise about his sentence. The Magistrate Judge correctly held that Petitioner could not overcome the "heavy burden," and the presumption of correctness to the transcript of the proceedings, to overturn the state findings of the voluntariness of his plea. Indeed, a review of the transcript of Petitioner's plea shows

that Petitioner stated that he understood the maximum sentence he faced, namely life (ECF No. 13-3, PageID.190). Petitioner also indicated that he had reviewed the advice of rights form with his counsel and understood the rights he was giving up by his plea. (*Id.* At PageID.191). He then affirmed that his plea was not induced by threats or outside promises and that it was his "own free choice" to plead guilty. (*Id.* at PageID.194). At the conclusion of the plea hearing, the trial court found that Petitioner's plea was made freely, understandingly and voluntarily. (*Id.* at PageID.197). The trial court's finding of voluntariness is entitled to a presumption of correctness.

Petitioner maintains that his plea was involuntary by his trial counsel's alleged assurances that he would receive a sentence of no more than thirty years. Here the Magistrate Judge correctly applied the two part test as laid out in *Strickland v. Washington*, 466 U.S. 668 (1984), to conclude the Petitioner could not succeed. First of all, as noted, the transcript from Petitioner's plea belies Petitioner's present assertion that his plea was coerced by any outside promises. The statements made at the hearing, under oath, carry a strong presumption of truthfulness. But even if Petitioner could somehow show his counsel's performance fell below an objective standard of reasonableness, he could not show prejudice–as the Magistrate correctly determined–because any confusion was cleared up at the hearing. Accordingly, Petitioner is not entitled to habeas relief, for the very reasons delineated by the Magistrate Judge.

Finally, Petitioner objects to the Magistrate's recommendation that a certificate of appealiability be denied. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*

*Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 15) is **APPROVED AND ADOPTED** as the opinion of the Court. **IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus (ECF No. 6) is **DENIED** and this case is **DISMISSED**. Petitioner is **DENIED** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:     July 16, 2018           /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE